RICHMOND AND RICHMOND *vs.* DE YOUNG.—*December,* 1830.

It has long been the established practice of our courts, upon the production of a release of the principal under the Insolvent Laws of another State, by the special bail, to enter an *exoneretur* of the bail.

APPEAL form *Baltimore* County Court.

This was a *Scire Facias,* against *Meichel De Young,* as special bail of *C. E. Chevalier.* The writ issued on the 2d

August, 1828. At September term, 1826, of *Baltimore County* Court, the defendant had become the bail of *Chevalier*, against whom the present plaintiffs obtained judgment at September term, 1827. The declaration in the original action, counted upon a promissory note of *Chevalier*, bearing date at *Philadelphia*, the 17th November, 1825, for $449 87, payable six months after date to the plaintiffs. And also contained the common counts.

By the 29th rule of *Baltimore* County Court, the principal may be surrendered in discharge of his bail, upon payment of costs at any time during the sitting of the court, to which the *scire facias* against the bail is returnable, and before the jury is discharged; but this privilege shall not extend to an adjourned court, when the first *scire facias* is returned *scire feci*, or *nihil* is returned upon a second *scire facias*.

The *scire facias* was returned at September term, 1828, "made known," whereupon the defendant, before the jury for that term was discharged, appeared and moved the court, to exonerate him as the bail of *Chevalier*, because he, *Chevalier*, had been discharged under the insolvent laws of *Pennsylvania*.

It was admitted that the plaintiffs at the time when the contract upon which the judgment was obtained, were, and ever since have been, citizens or residents of the State of *Rhode Island*, and that *Chevalier* was a citizen or resident of *Pennsylvania*. On the 15th October, 1827, *Chevalier* obtained his discharge from the Court of Common Pleas of *Philadelphia*, which ordered "that the said petitioner, *Chevalier*, shall not at any time hereafter be liable to imprisonment, by reason of any judgment or decree obtained for payment of money only, or for any debt, damage, cost, sum or sums of money, contracted, occurred, occasioned, owing, or becoming due before the time of such assignment." The law under which this discharge was granted, existed prior to the making of the original contract, and it was also agreed, that the facts and circumstan-

ces of the case might be considered as if pleaded to the *scire facias;* that no objection should be taken to the motion upon the ground of form. The County Court [ARCHER, J.] adjudged that the defendant, *De Young,* should be exonerated and discharged from his bail aforesaid. Upon which the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J., STEPHEN, and DORSEY, J.

By *Hinkley,* for the appellant, and *R. N. Martin,* for the appellee.

BUCHANAN, Ch. J., delivered the opinion of the court.
We think the special bail in this case was properly exonerated by *Baltimore* County Court.

As far as we have been able to trace the subject, it appears to us, to have been long the practice of the courts of this State, to discharge a special bail, on the production of evidence of the release of his principal, under the insolvent laws of another State. It was done by the late *General Court,* and is done, as far as we can ascertain, by the County Courts in the several judicial districts, in cases similar to this; and seeing nothing opposed to it, in the constitution of the *United States,* we are not disposed at this late day, to shake a practice so well, and as we think properly established. The judgment of the County Court, is therefore affirmed, with costs.

JUDGMENT AFFIRMED.