(Decided 16th June, 1891.)

GEORGE WOELFEL *vs.* ANDREW J. EVANS and URIAH L. P. EVANS, Administrators de bonis non of HESTER A. R. EVANS.

*Orphans' Court—Administration—Incomplete distribution—Sales for purposes of Final distribution.*

A married woman, owning leasehold and other property, died intestate in September, 1880, leaving a husband and several children. The husband took out letters of administration on her estate, and on June 27th, 1882, had passed in the Orphans' Court his first and only account, in which he claimed and received credit as follows: "Allowed this accountant for the balance of said estate retained by him as the surviving husband and tenant for life, with remainder *to his children*, viz., a lot of ground and improvements, (describing them) valued at $1600, and sundry household furniture, at $276.70." HELD:

1st. That no presumption arose as to whether or not the children of the husband were the same as the children of the deceased

wife, or that she had no other children than those by her surviving husband; and there being no proof in regard to this, and the names of the children not being given, the entry or credit in the account was declaratory of no right of the true distributees of the wife's estate upon the death of the husband, nor did it indicate to those who might desire to deal in respect to the property, who were the owners of it.

2nd. That said entry was therefore entirely without legal effect, so far as the children of the deceased wife were concerned, and the distribution of the estate was incomplete.

3rd. That until there was a complete distribution to those entitled. the Orphans' Court had jurisdiction to order a sale of the property for purposes of final distribution among them, and to that end had power to grant letters of administration *de bonis non,* upon said estate, after the death of the husband.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, BRYAN, McSHERRY, and BRISCOE, J.

*M. Star Weil,* for the appellant.

* *Julius H. Wyman,* and *George R. Willis,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

This is an appeal from the Orphans' Court for Baltimore City. The question presented is as to the validity of a sale of a leasehold property, made under an order of the Court, by administrators *de bonis non* of a deceased married woman.

It appears that Mrs. Hester Evans, a married woman, died intestate in September, 1880, leaving her husband, A. J. Evans, and five children surviving her. Among

* Present but took no part in the argument.

other personal estate, she was possessed of certain leasehold property, the subject of this litigation. Letters of administration upon her estate were granted to the surviving husband, A. J. Evans, in March, 1881; and in 'the inventory of the estate, filed by him in April, 1881, was included the piece of leasehold property, the subject-matter of this appeal. On June 27th, 1882, he stated, and had passed by the Court, his first and only account, wherein he charged himself with the amount of the inventory, including the leasehold property. In this account, after obtaining allowance for costs and expenses of administration, he claimed and received credit, by way of allowance against the amount charged in the inventory, thus: "Allowed this accountant for the balance of said estate retained by him as the surviving husband and tenant for life, with remainder to *his* children, viz., a lot of ground and improvements on the north side of Pratt street, 48 feet easterly from Ann street, in the City of Baltimore, and known as No. 262 East Pratt street, valued at $1,600; and sundry household furniture, at $276.70."

Andrew J. Evans, the surviving husband, died in July, 1889, and thereupon his life estate terminated in the property left by his wife. In August, 1889, application was made for, and letters of administration *de bonis non* were granted to two of the sons of Mrs. Hester Evans; and in July, 1890, they applied to the Court by petition for power to sell the leasehold estate left by their mother, as part of her estate remaining unadministered. The order of Court authorizing and directing the sale to be made was passed on the 10th of July, 1890, and the sale was made to the appellant and duly reported to the Court. There was no objection taken by any one to either the granting of letters of administration *de bonis non*, or to the order of sale by the Court; but after the sale was reported, the appellant, the purchaser of the prop-

erty, came in and excepted to the ratification of the sale, upon the ground that the administrators *de bonis non* had no right or power to make the sale; that the order of Court directing the sale was null and void, because the estate, as he alleged, had been fully administered, and distribution made, by the first administrator, as shown by the account stated and passed on the 27th of June, 1882.

The exceptions were heard, and the Orphans' Court, regarding the distribution made by the surviving husband as being defective or incomplete, overruled the exceptions and ratified the sale. It is from that order that this appeal is taken.

The only evidence of any attempted distribution furnished by the record, is the credit taken by the surviving husband in his account, for the balance of the estate, retained by himself for life, "with remainder to his children." Neither the names nor the number of the children are given; nor is there anything to show, as matter of fact, that his children are the same as the children of the deceased wife, or that she had no other children than those by her surviving husband. There is no presumption the one way or the other. Consequently, this entry or credit in the account is declaratory of no right of the true distributees of the wife's estate, upon the death of the husband; nor does it indicate to those who might desire to deal in respect to the property who were the real owners of it. It was therefore entirely without legal effect, so far as the children of the deceased wife were concerned, and the Orphans' Court would seem to have been well justified in treating the distribution as incomplete. And until there was a complete distribution to those entitled, the Orphans' Court had jurisdiction to order a sale of the property for purposes of final distribution among them. *Code, Art.* 93, *sec.* 137; *Williams vs. Holmes,* 9 *Md.,* 281, 288.

The settlement of the account by the surviving husband occurred before the passage of the Act of 1884, ch. 49, now section 139 of Article 93 of the Code, and is not therefore affected by that statute. But as indicative of the reason and policy of the law in requiring some definite record evidence of the transmission of titles to chattels real, that statute furnishes strong evidence. It provides that whenever an account is passed by an executor or administrator, whereby distribution of chattels real is made to legatees, or to parties entitled in course of distribution, the Orphans' Court *shall pass an order* directing the executor or administrator to convey such chattels real to the distributees or legatees; and the executor or administrator *shall convey* the same accordingly, by proper deed, to be executed, acknowledged and recorded, according to law.

We think the Orphans' Court committed no error in overruling the exceptions of the appellant and ratifying the sale; and we shall therefore affirm the order appealed from.

*Order affirmed, with*
*costs to appellees.*

(Decided 16th June, 1891.)