## STATE OF MARYLAND, Use of JAMES C. MORROW, Admr., *vs.* THE FIDELITY & DEPOSIT CO.

*Powers of Administrator `d. b. n.`—Appointment of Trustee to Sue on Bond of Deceased Executor for a Devastavit by him.*

Where an executor has misapplied the property of the estate, an administrator *d. b. n. c. t. a.* is not entitled to bring an action on the bond of such executor to recover for the *devastavit*, because an administrator *d. b. n.* is entitled only to the property of the deceased which remains in existence not distributed.

If an executor dies after wasting and misappropriating the funds of the estate, the beneficiaries under the will may apply to a Court of equity for the appointment of a trustee, who will be entitled to maintain an action on the bond of the executor to recover from the sureties for the property that came into the possession of the executor and was not legally accounted for by him.

Appeal from the Circuit Court for Cecil County.

The cause was argued before McSherry, C. J., Briscoe, Boyd, Schmucker and Jones, JJ.

*L. Allison Wilmer*, for the appellant.

The case must be considered with reference to the provisions of the will of Benjamin C. Pearce, and the particular facts and circumstances surrounding it. The intention of the testator was, as clearly expressed in this will, that his estate should be kept safely invested by his executor, it mattered

not in what securities, and that the income thereof should be
paid to his wife during her natural life; thereby constituting
whatever securities the executor might, from time to time,
have and hold, continuing assets.   The widow could receive
her income from no other hands than from those of the exec-
utor so long as he lived and remained executor, and the ex-
ecutor, having assumed the trust, was bound to administer it
faithfully, as such executor; not only by paying the income
to her, but by preserving the estate to deliver to the children,
as directed by the will ; and for this the appellee made itself
responsible by the bond which is the subject matter of this
suit.   *Rieman* v. *Peters*, 2 Md. 104–110.

When the administrator of John S. Wirt answered the peti-
tion of the equitable plaintiff and the order of the Orphans'
Court by explaining that he must refuse or neglect to comply
with the order for the delivery of assets because there were
none—that they had all been misappropriated or wasted—
what reason would there have been in ordering the bond of
this administrator to be put in suit ?   The only thing the Or-
phans' Court could do, under the circumstances, was to or-
der, as the statute permitted, and as the Court did, the exec-
utor's bond to be "put in suit."   *Johnson* v. *Farmers Bank*, 11.
Md. 412–414.

How could the appellee be held responsible for any mere
neglect or refusal of the administrator of John S. Wirt to de-
liver up assets which he actually had and held ?   Its under-
taking is that the said John S. Wirt "shall well and truly per-
form the office of executor of Benjamin C. Pearce, according
to law, and shall in all respects discharge the duties of him
required by law, as executor aforesaid, without any injury or
damage to any person interested in the faithful performance of
the said office."   If, therefore, John S. Wirt had performed
his duty, and his administrator had failed to perform his by
refusing or neglecting to deliver up assets when ordered by
the Orphans' Court, a suit against the appellee for this would
have been met with a simple defense.   For no other thing
could the appellee be sued by any one interested except for

some failue of its principal to perform the duty which it undertook he should perform——for no other thing could the bond of this principal be "put in suit."

The administrator *d. b. n. c. t. a.*, stands in the same relation to the estate of the testator that the executor did. The same duty is imposed upon him of administering the estate as was imposed upon the executor. Title is given through him as through the executor. As soon as he is appointed, upon the death of the executor, his interest in the estate, and, therefore, in the matter of the faithful performance of the trust imposed by the will upon the executor, attaches; and it would be a great hardship and injustice if the appellee, in this case, could escape liability for the delinquencies of its principal, clearly set forth in the declaration, by such a technicality as that the administrator *d. b. n.* can not maintain this action because the particular delinquency of wasting the entire estate has been held to be an administration of the assets.

From the stress apparently laid by the appellee upon the words "distributed" and "retained" in the statute, it might appear that it is relying upon the distribution to the executor of Benjamin C. Pearce by the Orphans' Court of Cecil County, as such executor, and upon his retention, as such, by the Court's order, of the entire estate, so that it might be further administered under the terms of the will, and evidently for no other purpose, to escape its liability. Surely it will not be seriously contended that the words of the statute apply to any such distributing and retaining as the Orphans' Court made and required in this case.

If the appellant can not sue the surety of the executor of Benjamin C. Pearce, upon the facts in this case, who can? Mrs. Pearce, the widow, can not sue, because she is not entitled to anything but income, and she can only receive this through the executor or the administrator *d. b. n.* Mr. Pearce's children can not sue, because they are not now entitled to receive any portion of the estate. There are no other persons or legatees who have an interest, as *beneficiaries*. And yet, as was said by the Court below, for the wrong done, as alleged in the declaration, there must be some remedy.

It is, therefore, urged that, as a matter of common sense, as well as upon every consideration of law and justice, the executor of Benjamin C. Pearce was, practically and in fact, a legatee of a life interest, in trust, for the purposes stated in the will; that the appellee became his surety as such executor charged with this trust; that the appellant, as administrator, *d. b. n. c. t. a.*, has succeeded to all the rights and obligations of the executor in relation to the estate of Benjamin C. Pearce and its further administration, under the terms of the will; and that this administrator should be permitted, by analogy to the case of a substituted trustee, and as a matter of right, to sue the surety of his predecessor for the recovery of this estate. *Stewart* v. *Firemens Insurance Co.*, 53 Md. 564.

*Washington Bowie, Jr.*, (with whom was *Chas. R. Miller* on the brief), for the appellee.

By the common law an administrator *de bonis non* cannot call the representatives of a previous administrator to account for any property that such predecessor may have converted or wasted, nor can he claim or recover anything but those goods, etc., which remain in specie and are capable of being distinguished as the property of the intestate. *Hagthorp* v. *Hoop*, 1 G. & J. 271–274; *Beall* v. *New Mexico*, 16 Wall. 541; *U. S.* v. *Walker*, 109 U. S. 260–265; *Warfield* v. *Brand's Administrator*, 76 Ky. 77. And this is the law of this State today, except in so far as it has been changed by statute. The only statutory enactments are to be found in the Act of 1798—Code, Art. 93, sec. 70, and the Act of 1820, Code, Art. 93, sec. 72.

The authority conferred by letters of administration *de bonis non* by our law is to administer all things described in the Act of Assembly as assets not converted into money and *not distributed*, delivered or *retained* by the former executor or administrator under the direction of the Orphans' Court, and such an administrator can only sue for those goods, chattels and credits which his letters authorize him to administer. *Hagthorp* v. *Hook, supra; Sibley* v. *Williams*, 3 G. & J. at p. 64; *Ennis* v. *Smith*, 14 How. 400–416.

The Acts of 1798 and 1820 confer jurisdiction on the Orphans' Court to coerce the delivery over of property or choses in action or payment of money to the administrator *de bonis non* only in case the property, etc., belonged specifically to the deceased while alive, and remained in the hands of the executor or administrator as such and not as legatee.  *Gardner* v. *Simmes*, 1 Gill, 425–428.

It is submitted that in order to entitle Morrow, the administrator *de bonis non, cum testamento annexo,* to recover in any action it must affirmatively appear: first, that assets remain in specie that belonged to the deceased while alive, or were taken, had or received by the executor as such at the time of his (the executor's) death; second, that such assets had not been distributed or *retained* by the executor under the Court's direction.

But in such event his right of action would be against the representative of the deceased executor and his bondsmen for his (the representative's) failure to deliver over said assets as ordered.

This proceeding must not be confused with a proceeding under the Act of 1831, ch. 315. (*Code*, Art. 93, sec. 243). Under that Act the proceeding is entirely different. The language of the statute authorizes the Court to direct that suit be instituted upon the bond of the removed executor by the administrator *de bonis non,* and the removed executor is required to account to the administrator *de bonis non* for all assets not paid away in due course of administration. This statute, however, has no application to the case at bar. *State, use Stockbridge* v. *Smith,* 64 Md. 101–108; *Sibley* v. *Williams,* 3 G. & J. 52; *Stewart* v. *Firemens' Insurance Co.,* 53 Md. 564–571 ; *Baker* v. *Bowie,* 74 Md. 467–472; *Gardner* v. *Simmes,* 1 Gill, 429.

But as to money received by the administrator and mingled with his own, or other assets *sold, wasted or misapplied* or converted to his own use, or retained by him as legatee or under order of Court, are regarded, so far as the rights and power of the administrator *de bonis non* are concerned, as already

administered; and hence he acquires no title to such assets, and has no authority to bring an action against any one for their recovery. *Ibid.*

BRISCOE, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of the defendant upon a demurrer to the plaintiff's declaration.

The suit was instituted by the plaintiff, as administrator *d. b. n. c. t. a.* of Benjamin C. Pearce, late of Cecil County, against the defendant corporation as surviving obligor of John S. Wirt, deceased, to recover the sum of $13,515.72 alleged to have been converted and misappropriated by him, as executor, under the will of Benj. C. Pearce.

The facts are fully set forth and stated in the declaration, and for the purposes of the case are admitted by the demurrer to be true. Briefly stated they are as follows: The testator died in 1895, leaving a last will and testament wherein he bequeathed and devised his estate in the following manner. By the first clause of the will, he devised and bequeathed to his wife Ann Jemima Pearce, for and during the term of her natural life, the income, issues and profits of his entire estate, and directed his executor to keep the property safely invested in good and profitable securities, and to pay the income, issues and profits as the same shall accrue to his wife "for and during the period of her natural life."

By the second item of the will, he gave the principal of the entire estate after the death of his wife to his three children, who are now living.

John S. Wirt, his son-in-law, was appointed executor by the will, duly qualified on the 2nd of October, 1895, in the Orphans' Court of Cecil County, and continued to act as such executor until his death in May, 1904.

The appellant, upon the death of Wirt, was appointed by the Orphans' Court of Cecil County, administrator *d. b. n. c. t. a.* of Benjamin C. Pearce, and George R. Ash, of Cecil County, was appointed administrator *c. t. a.* of John S. Wirt.

The declaration states that by the administration account

passed in the Orphans' Court of Cecil County, there appears a balance of $13,515.72 in the hands of the executor (Wirt), distributed to him as such executor. By an order of the Orphans' Court of this county, he was required to safely invest the amount in good and profitable securities and to pay the income, issues and profits to the widow under the will, but that he failed to invest the whole of the balance distributable in his name as such executor but appropriated to his own use, or to other uses than for the benefit of beneficiaries named in the will, all the funds, moneys, securities and property (except a portion stated therein) which came to his hands as such executor.

And there is a further allegation of the declaration, which is admitted by the demurrer, that there are at present no bonds, notes, evidences of debt, or money in the hands of the personal representatives of the executor belonging to the estate, but they were converted and misappropriated by the executor in his life time.

Now it is quite clear, we think, upon this state of facts that this suit was improperly brought and cannot be maintained by the appellant.

It is well established both at common and by the decisions of this Court that an administrator *de bonis non* cannot bring an action at law to recover for a *devastavit* committed by a deceased executor.

The authority conferred upon an administrator *de bonis non* by sec. 70 of Art. 93 of the Code, is to administer all things "not already administered," described by the Act as assets, not converted into money and not distributed and delivered or retained by the executor. And by sec. 72 of Art. 93 of the Code it is provided, the Court shall on application of the administrator *de bonis non*, order the administrator of a deceased administrator to deliver over to him all the bonds, notes, accounts and evidences of debt which the deceased administrator may have taken, received or had as administrator at the time of his death, and also to pay over to him the money in his hands as such.

In *Stewart and Duffey, Trustees*, v. *Firemen's Ins. Co.*, 53 Md. 571, it is said: "To the administrator *de bonis non* is committed only the administration of the goods, chattels and credits of the deceased, which remain *in specie* and have not been 'already administered.' Our statute limits his authority to the administration of such assets as have not been 'converted into money and not distributed and delivered or retained by the executor or former administrator, under the direction of the Orphans' Court.' In view of this law, and the source from which it was borrowed, money received by the administrator and mingled with his own or other assets sold, wasted or misapplied or converted to his own use are regarded, so far as the rights and power of the administrator *de bonis non* are concerned, as already *administered* and hence he acquires no title to such assets, has no authority to bring an action against anyone for their recovery and cannot therefore sue for a *devastavit* committed by his predecessor in office."

This has been the unvarying construction placed by the Courts upon the Acts of Assembly, applicable to this case *Hagthorp* v. *Hook*, 1 G. & J. 271; *Gardner* v. *Simmes*, 1 Gill, 425; *Sibley* v. *Williams*, 3 G. & J. 64; *Baker* v. *Bowie*, 74 Md. 467; *U. S.* v. *Walker*, 109 U. S. 209.

As it appears, then, in this case, from the allegations of the declaration, which are admitted by the demurrer, that this suit was brought to recover for assets converted, misapplied and misappropriated by the appellant's predecessor, in his lifetime, and which do not now exist *in specie*, there is no authority given by the statute to the appellant to maintain this action against the appellee.

But assuming without deciding that a *devastavit* was committed, as stated in the declaration in this case, it would be competent for a Court of equity under the facts of this case upon a proper application, at the instance of the beneficiaries under the will, to appoint a trustee, who could maintain an action against the appellee corporation, to recover such portion of the property, which has been lost, wasted, or misapplied, by the appellant's predecessor in office.

The condition of the bond, dated the 2nd day of October, 1895, is that John S. Wirt should well and truly perform the office of executor of Benj. C. Pearce according to law, and should in all respects perform the duties of him required by law as executor, without any injury or damage to any person interested in the faithful performance of the office.

The declaration states that the property was distributed by the Orphans' Court of Cecil County to the executor, under the will, as such executor, and was held by him in his name as such executor, and had been directed by an order of the Court to be invested in his name as executor for the benefit of the beneficiaries under the will.

The executor would, therefore, be liable for the property and funds that came to his hands as such executor, and if it be shown that the executor was liable to the beneficiaries under the will, it could hardly be disputed that this liability would also attach to the appellee corporation, the surviving obligor, in a suit by the trustee against the appellee corporation.

As there can be no recovery by the appellant against the appellee in this case the judgment of the Circuit Court of Cecil County will be affirmed.

*Judgment affirmed with costs.*

(Decided January 19th, 1905.)