# JOHN W. LAWSON

*vs.*

# McSHERRY BURGEE and GABRIEL BURGEE, Executors of Wm. P. N. Lawson.

*Distribution: title to personal property; through administration only—; executors; death of—; administrators d. b. n.: c. t. a.; powers and authority; wasted assets.*

A prayer instructing the jury that there is in the case no legally sufficient evidence from which the jury could find a verdict for the plaintiff, and that their verdict must be for the defendant, amounts to a demurrer to the evidence, and admits its truth, but denies its sufficiency. p. 205

When an executor dies without having made a full distribution and delivery of the estate and assets, it is necessary to appoint an administrator *d. b. n.,* and it is not competent, as a general rule, for the executor's executor to interfere with such assets or to render an account for the deceased executor. p. 207

Title to the personal estate of a decedent can be transmitted only through the medium of letters of administration; the law vests the personal estate in the administrator who represents the deceased and the next of kin must derive their title through him. p. 208

The authority conferred upon an administrator *d. b. n.* by section 70 of Article 93 of the Code, is to administer all things, not already administered, which are described as assets and which have not been converted into money, nor distributed and delivered, nor retained by the executor or former administrator, under the Court's direction. p. 208

Under section 72 of Article 93 of the Code, the Orphans' Court has the power on application by an administrator *d. b. n.* to order the administrator or executor of a deceased administrator or executor "to pay over to him money in his hands as such," and upon a refusal to comply with the order, the Court may order the bond of the deceased administrator to be put in the suit.                                                    p. 208

If the fund has been lost, wasted or misapplied by the deceased executor, a court of equity may, upon proper application, appoint a trustee who would be entitled to maintain an action for the recovery of the fund.                                    p. 209

*Decided June 25th, 1913.*

Appeal from the Circuit Court for Frederick County (PETER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON and STOCKBRIDGE, JJ.

*Leo Weinberg* (with whom was *Frank L. Stoner,* on the brief), for the appellant.

*H. K. DeLauter,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from a judgment rendered on the 10th day of January, 1913, in the Circuit Court for Frederick County, in favor of the defendants, in a suit brought by the plaintiff against the defendants, as executors of the last will and testament of William P. N. Lawson, deceased.

The declaration contains eight counts, and in addition to the money counts avers, that a certain William P. N. Lawson, late of Frederick County, deceased, died in October, 1911, leaving a last will and testament, which was duly

admitted to probate in the Orphans' Court for Frederick County, and appointing in the will the defendants, McSherry Burgee and Gabriel Burgee, executors, who have duly qualified as such in the Orphans' Court for Frederick County; and that William P. N. Lawson, the defendants' testator, was at the time of his death indebted to the plaintiff for money held by the said William P. N. Lawson and belonging to the plaintiff.

Upon the defendants' demand for the particulars of the plaintiff's claim, the following bill of particulars was filed in the case, as showing the cause of action of the suit, to wit, "the amount of trust funds held by William P. N. Lawson, the defendants' testator, who was the surviving executor of the last will and testament of Gabriel L. Lawson, late of Frederick County, Maryland, deceased, and due and owing to John W. Lawson, the plaintiff, as the son and only heir at law and next of kin of Gabriel L. Lawson, deceased, as well as under the last will and testament of Gabriel L. Lawson, as the same (said fund) is shown by the 3rd account, being the last account of John H. and William P. N. Lawson, executors of Gabriel L. Lawson, stated and approved in the Orphans' Court for Frederick County, November 30, 1885, and recorded in administration accounts, H. L. No. 1, folio 40, one of the records in the office of the register of wills for Frederick County, $1,177.57, with interest thereon from November 30, 1885."

At the close of the testimony upon the part of the plaintiff, the Court below granted the defendants' prayer, which instructed the jury, that there was no legally sufficient evidence from which the jury could find a verdict for the plaintiff and that their verdict must be for the defendants.

The action of the Court, in granting this prayer forms the basis of the plaintiff's single exception, and as the prayer amounts to a demurrer to the evidence, it thereby admits the truth of the plaintiff's evidence as contained in the record.

The suit was brought, it will be seen by the plaintiff, an only son of Gabriel L. Lawson, and Sarah W. Lawson, late of Frederick county, deceased, against the defendants as executors of the last will and testament of William P. N. Lawson to recover the sum of $1,177.57, with interest from the 30th of November, 1885. This sum ($1,177.57) appears by the third account of the executors of Gabriel L. Lawson, deceased, as passed the Orphans' Court of Frederick County, on the 30th of November, 1885, to be the balance due the estate for distribution, after all debts, funeral expenses, and the cost of administration were paid. And it further appears that the fund was distributed in the third account to the executors themselves as follows: "To John H. Lawson and William P. N. Lawson, executors, for the use of Sarah W. Lawson and John W. Lawson as expressed by the will."

Gabriel L. Lawson, the husband of Sarah W. Lawson, and the father of the plaintiff, died in the year 1881, leaving a last will and testament which was duly admitted to probate in the Orphans' Court of Frederick County. He left surviving him a widow, Sarah W. Lawson, and an only son, the the plaintiff in this case. Mrs. Lawson, the widow, died in the year 1910. John H. Lawson, one of the executors of Gabriel, died some time in the year 1888, and William P. N. Lawson, the remaining executor of Gabriel, died in October, 1911.

By the last will and testament of Gabriel L. Lawson it appears that he devised and bequeathed his property as follows:

"I give and bequeath unto my dear wife, Sarah W. Lawson, my bay horse Lawrence. I also give and bequeath unto my wife, Sarah W. Lawson, for the support of her and my son, John W. Lawson, the net proceeds of the income of my entire estate during her widowhood, and if she marries again she is to have one thousand dollars out of my estate, and the balance is to go to my son, John W. Lawson; and if the net proceeds of the income of my estate does not or is

not sufficient for the support of my wife, Sarah W. Lawson, and my son, John W. Lawson, and also to school, he is to have out of my estate two hundred dollars annually after he is fifteen years of age until he is twenty-one years of age for the use of schooling him. I also leave my real estate to be disposed of according to the best judgment of my executors, either to be rented or sold or disposed of in any way according as they think best, and, lastly, I do hereby constitute and appoint my brothers, John H. Lawson and William P. N. Lawson, to be sole executors of this my last will and testament, revoking and annulling all former wills by me heretofore made, ratifying and confirming this and none other to be my last will and testament."

No account or distribution of the fund in question, appears to have been passed, or made by the executors of Gabriel L. Lawson after their third account stated in the Orphans' Court, on the 30th of November, 1885, and the executors appear to have held the fund in trust, or as continuing executors, under the provisions of the testator's will.

The evidence shows that the surviving executor, Wm. P. N. Lawson, admitted as late as the summer of 1911, shortly before his death, that he was going to Frederick to straighten up Willie's business (meaning the plaintiff's business) so that he would not have any trouble, that he had attended to his business since his father died, and he had not made a permanent settlement with him.

Upon the state of the record now before us, there can be no question that this suit was improperly brought by the plaintiff against these defendants.

It is well settled that if an executor dies without having made a full distribution and delivery of the assets of the estate, it is necessary to have an administrator *de bonis non* appointed. The executor's executor is not competent as a general rule, to interfere with such assets or to render an account for the deceased executor. *Code,* Art. 93, secs. 70,

71, 72 and 73; *Alexander* v. *Stewart,* 8 G. & J. 226; *Cecil* v. *Clarke,* 17 Md. 520.

It is also well settled as a general rule that title to the personal estate of a decedent can be transmitted only through the medium of letters of administration, and as the law vests the personal estate in the administrator who represents the deceased, the next of kin must derive their title through him. *Rockwell* v. *Young,* 60 Md. 566.

In *Smith* v. *Dennis,* 33 Md. 443, it was held until distribution of the residium of the estate to the next of kin, there was not full and complete administration, for without distribution according to law, the next of kin could neither claim nor sue for any specific property of the estate. It is only through distribution, that the title of the distributees to possession and actual enjoyment can be shown, though they have an interest in the property, subject to distribution, before the distribution is actually made.

In *Woelfel* v. *Evans,* 74 Md. 346, this Court held, that until there was a complete distribution to those entitled, the Orphans' Court had jurisdiction for purposes of final distribution, and to that end had power to grant letters of administration *de bonis non,* upon the estate after the death of the administrator.

By section 70 of Article 93 of the Code, the authority conferred upon an administrator *de bonis non,* is to administer all things not already administered, described by the Act as assets, not converted into money, and not distributed and delivered or retained by the executor or former administrator under the Court's direction.

The Orphans' Court would have power under section 72 of Article 93 of the Code on application by the administrator *de bonis non,* to order the administrator or executor of the deceased administrator, or executor, "to pay over to him the money in his hands as such" and upon a refusal to comply with the order, the Court could order the bond of the deceased administrator or both of them to be put in suit.

If on the other hand, the fund has been lost, wasted or misapplied by the deceased executors, a Court of Equity under the facts of the case, would upon proper application, appoint a trustee who would be entitled to maintain an action for the recovery of the fund. *Morrow v. Fidelity Co.,* 100 Md. 256; *Coates v. Mackie,* 43 Md. 127; *Kent v. Somervell,* 7 G. & J. 265; *Constable v. Camp,* 87 Md. 173; *Donaldson v. Raborg,* 28 Md. 47.

So if it be conceded as contended for by the appellant, that under a proper construction of the will, the plaintiff on the death of Sarah W. Lawson in 1910 took the entire estate under the will, he would undoubtedly be entitled to the fund in a proper suit against the person or persons in whose hands it may be traced.

On the other hand, if there was a partial intestacy as to this fund, and it passed to no one under the will, the plaintiff, on the death of Mrs. Lawson, in 1910, would also be entitled to it as next of kin of the testator, under the statute.

If it be assumed that Mrs. Lawson took the entire fund, absolutely, under the language of the will, the plaintiff being her only heir at law, and next of kin in the absence of the rights of creditors on this record, would be entitled to the whole fund.

For the reasons stated, we think this suit was improperly brought, and cannot be maintained against these defendants, on the evidence set out in the record now before us.

It is very apparent however, that the plaintiff being the only heir at law, and next of kin, of both Gabriel L. and Sarah W. Lawson, is clearly entitled on the facts disclosed by the record, to the fund in question.

The judgment will be affirmed, but without prejudice to the appellant taking such further proceedings as may be proper, according to the facts of the case, to protect his interest, and to recover the fund.

> *Judgment affirmed, without prejudice as stated, the costs to be paid by the appellant.*