JOHN B. STAKE, by His Committee, Edgar S. Darner,

*vs.*

WILLIAM STAKE, Executor.

*Removal of Executor—Neglect of Duty—Appealable Order.*

An executor's neglect of duty in not promptly and regularly proceeding to secure the adjudication of the rights and interests of the estate with respect to certain funds in dispute, *held* not such as to require his removal.                                    p. 53

The authority of the Orphans' Court to remove an executor for failure to render accounts in due time is not so far discretionary as to preclude an appeal from an order refusing to remove him for that cause.                                            p. 54

*Decided February 3rd, 1921.*

Appeal from the Orphans' Court for Washington County.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, and Offutt, JJ.

*Levin Stonebraker,* for the appellant.

*C. Walter Baker,* for the appellee.

Urner, J., delivered the opinion of the court.

The appeal in this case is from an order of the Orphans' Court of Washington County dismissing the petition of the appellant, which prayed for the removal of the appellee as executor of Annie S. Motter, deceased. The order appealed from was passed after answer by the executor and a hearing upon testimony offered by the respective parties. It is alleged in the petition that the appellee has failed to account for certain sums of money, aggregating $3,665.62, to which his testatrix was entitled in the distribution of the estate of her mother, Ann E. Stake, the administration of which was

completed in June, 1917. The petition states and combats
the reason assigned by the appellee for his failure to collect
and account for the funds in question. He is charged with
having improperly taken the position that his testatrix was
indebted to her mother's estate to an amount in excess of the
distributive share to which she would otherwise be entitled.
It is averred in the petition that such a claim is not sustain-
able, but that it would not be resisted by the appellee if it
should be made the subject of litigation. The greater part
of the money referred to is in the hands of Mary E. Stake,
as executrix of the will of the deceased administrator of Ann
E. Stake, and the remainder, amounting to $125.31, is de-
posited in the names of the appellant and appellee, as admin-
istrators d. b. n. of the estate of the same decedent. The
appellee is alleged to have omitted from the inventory of the
real estate of Annie S. Motter a farm in which she had an
interest, and to have amended the usual affidavit to the inven-
tory in such a way as to favor a claim subsequently made by
Mary E. Stake, in an equity proceeding, to the interest of the
appellant's testatrix in the real estate inventoried, but it is
averred that he nevertheless paid the collateral inheritance
tax on that property out of the funds in his hands as executor.
There are allegations that the appellee is a brother of Mary
E. Stake, that they occupy the same residence, and that he
originated the claim on account of which the settlement of
the estate is said to have been delayed.

In his answer to the petition the appellee admits that his
course in regard to the funds under consideration may have
been irregular, but he denies that he intended to wrong any
one interested in the estate or to avoid any duty imposed upon
him as executor, and expresses his willingness and desire to
state a further account under the order and supervision of
the Orphans' Court, and to have the question of the validity
of any claims against the estate determined in the exercise of
its jurisdiction. The answer avers that the appellee's testa-
trix in fact had no interest in the land omitted from the in-
ventory of her real estate, and states that the collateral in-

heritance tax mentioned in the petition was paid inadvertently.

The evidence in the case fails to prove that the delay of the appellee in bringing the administration of the estate to a conclusion has been due to any collusion with adverse interests, or has resulted in the loss of any of the assets for which it is his duty to account. The fact that the funds to which the petition refers have not come into his hands and been distributed by him under the will of his testatrix may be attributed to his belief in the existence of a valid counter claim on the part of the estate from which they are to be derived. But he was admittedly neglectful of his duty in not promptly and regularly proceeding to secure the adjudication of the rights and interests of the estate which he represented with respect to the funds in dispute. The Orphans' Court announced its purpose to pass an order requiring the appellee to forthwith account for the estate not yet administered. It concluded, however, that the proof was not sufficient to justify the revocation of his letters testamentary. Upon the record in the case we are unable to hold that this decision was wrong. There was adequate ground for a positive order on the appellee to expedite the final settlement of the estate, but his removal as executor does not appear to have been requisite to protect the interests of the estate or to have been made clearly necessary by his conduct. Such action could well be regarded as unduly drastic under all the circumstances. This was the view of the Orphans' Court upon full consideration of the facts, and we find no reason in the record to reverse its decision. The cases, cited by the appellant, in which executors were held to have been properly removed, were substantially different in their conditions from the one now presented.

A motion to dismiss the appeal has been filed. The theory of the motion is that the order refusing to revoke the appellee's letters testamentary is not appealable. In *Lee* v. *Allen,* 100 Md. 7, an order refusing to revoke letters of administration was held to be a proper subject of appeal, and in *Macgill*

v. *McEvoy,* 85 Md. 286, and *Owen* v. *Pye,* 115 Md. 400; it was decided that an appeal lies from an order refusing to remove a guardian. Appeals from orders removing an executor or administrator have also been held to be maintainable. *Levering* v. *Levering,* 64 Md. 399; *Jones* v. *Jones,* 41 Md. 354. If, as suggested in the argument, the power of removal is wholly committed to the discretion of the Orphans' Court, no appeal could be taken from any exercise of the power. It was said by this Court in *Macgill* v. *McEvoy, supra:* "It is not the *manner* in which a discretion has been exercised that determines whether an appeal will lie—that is, it is immaterial whether the decision complained of has been affirmative or negative action—the question as to whether an appeal will lie at all in such cases depends altogether upon whether an exclusive discretion over the subject-matter has been committed alone to the lower court." It has been held that such a discretion is conferred by Section 242 of Article 93 of the Code which authorizes the Orphans' Court "in their discretion, and whenever it shall seem proper to them," to order an executor or administrator to bring into court or invest any funds received by him in that capacity, and to revoke his letters for a failure to comply with the order. *Porter* v. *Timanus,* 12 Md. 292. But the power to remove an executor or administrator for failure to render accounts of the administration in due time is not conferred by the Code provision to which we have just referred, but by Section 3 of Article 93, which provides that upon such default the Orphans' Court may revoke the letters and grant administration in its discretion. *Levering* v. *Levering, supra; Code,* Art. 1, Sec. 4. In *Forney* v. *Shriner,* 60 Md. 419, it was decided that an appeal lies from an order removing an administrator under Section 246 of Article 93 of the Code, which empowers the Orphans' Court in its discretion to remove a joint executor or administrator who prejudices the interests of his co-executor or administrator by his negligence or misconduct. The authority which the Orphans' Court was asked, but refused, to exercise in this instance is not so far discretionary as to preclude

an appeal from its order, especially when consideration is given to the broad provision of Article 5, Section 60 of the Code, as follows: "From all decrees, orders, decisions and judgments of the Orphans' Court the party who may deem himself aggrieved by such decree, order, decision, or judgment, may appeal to the Court of Appeals." In reaching this conclusion we have been unable to accept the expression to the contrary in the early case of *Hebb* v. *Hebb,* 5 Gill, 509. The motion to dismiss the appeal must therefore be overruled.

*Order affirmed, with costs.*