ALEXANDER MAITLAND FULFORD *v.* KATHERINE R. FULFORD, Administratrix.

*Inventory by Administrator—Issues as to Omissions—Articles Improperly Included—Revocation of Letters.*

A petition by one interested in a decedent's estate, alleging that the administrator has in his hands and has omitted from the inventory certain goods which are a part of the assets of the estate, is sufficient to give the orphans' court jurisdiction, although the administrator takes defense in the claim that he has title in his own right to the property in question.    p. 88

Upon the death of the administrator of an intestate's estate, it was the duty of the administrator's executrix to state an account of the administration by her testator, and if he was in possession of personal property belonging to the intestate's estate which was omitted from his inventory, it was her duty to account for it, and to deliver it if in specie, or to account for its proceeds if converted into money in course of administration by her testator.                              pp. 88, 89

The jurisdiction of the orphans' court, on a petition alleging that an administrator has omitted specified articles from

his inventory, having once attached, is not lost by the administrator's death, he being represented by his executrix, who should, under Code, art. 93, sec. 226, be made a party in his place, and if she fails to account for such articles or their proceeds, the orphans' court should grant issues for a jury to determine whether personal property was omitted from the administrator's inventory. pp. 88,89

The fact that one interested as next of kin in an intestate's estate, who filed a petition alleging the omission by the administrator from his inventory of specific articles of personal property, is subsequently appointed administrator *d. b. n.* on the death of the original administrator, does not disqualify him from continuing to prosecute in his own right what was begun by virtue of his interest as next of kin. p. 89

The orphans' court having no jurisdiction to try a question of title between an administrator and a third party, it has no power, on a petition asserting that an administrator has wrongfully included in his inventory articles of personalty belonging to petitioner, to grant any issue of fact involved in the determination of the ownership of such articles. p. 90

The submission to the orphans' court of a question on petition and answer under oath is an admission of the allegations of fact in the answer which are not in conflict with the accompanying exhibits or other instruments admitted by the answer to be true. p. 92

The delay of an administrator *d. b. n.* in rendering an account and settling the estate, *held* not ground for his removal, in view of the existence of controversial matters between him and the party seeking his removal, which required a judicial determination before the estate could be administered, and of protracted negotiations for a settlement of these matters. pp. 92, 93

The right to administer is a valuable one, and an administrator will not be removed except for legal and specific causes, and after citation and an opportunity to be heard. p. 92

*Decided April 8th, 1927.*

Appeals from the Orphans' Court of Harford County.

Proceedings for the administration and settlement of the estate of Alexander Mitchell Fulford, deceased. From an order refusing to grant certain issues as requested by Alexander Maitland Fulford, administrator *de bonis non* of said deceased, he appeals both in his individual and representative capacity (No. 43). And from an order revoking the letters of administration *de bonis non* granted to said Alexander Maitland Fulford, and appointing Katherine R. Fulford administratrix *de bonis non* in his place and stead, he also appeals (No. 44). Order in No. 43 reversed in part and affirmed in part, and order in No. 44 reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*S. A. Williams,* with whom was *R. H. Archer, Jr.,* on the brief, for the appellant.

*Thomas H. Robinson,* for Katherine R. Fulford, appellee.

PARKE, J., delivered the opinion of the Court.

On June 10th, 1919, the Orphans' Court of Harford County appointed Francis H. Fulford the administrator of the personal estate of his father, Alexander Mitchell Fulford, in the absence abroad of the elder brother, Alexander Maitland Fulford. On his return home the elder brother filed, on September 21st, 1920, a petition which recited that the administrator had made and returned an inventory of the personal estate of his intestate, and charged that the administrator had in his hands certain specified articles of silver, china, and household furniture, which were the property of the intestate, but which the administrator had omitted to return in the inventory. In addition to general relief, the petitioner prayed that these goods be adjudged to be a part of the estate of the decedent, and that the administrator should be ordered to appraise and return them in an additional inventory.

The next day another petition was filed by the elder brother averring that, in the absence of the petitioner oversea, and

notwithstanding notice was given the administrator of the petitioner's ownership, the administrator caused to be included and appraised in the inventory certain described articles of silverware, ornaments, and household furniture, which were the property of the petitioner; and that, nevertheless, the administrator was about to sell these articles along with all others listed in the inventory which had been filed in the orphans' court. The petition concluded with a prayer; (a) that the petitioner might have leave to prove property; (b) that the articles enumerated might be stricken from the inventory; (c) that the administrator might be restrained from selling the articles claimed; and (d) that the petitioner might have general relief.

The orphans' court passed an order on the first petition requiring the administrator to answer and, on the second petition, an order directing that cause be shown why such articles should not be stricken from the inventory and that, pending the controversy, the administrator be restrained from disposing of or selling the goods whose ownership was disputed. The administrator answered both of these petitions on October 5th, 1920.

The answer to the first petition asserted and set up ownership of himself in all but four of the articles which the petition had averred formed a part of the intestate's estate. The four articles excepted from this claim of ownership were a lamp, which respondent stated he had never seen; a lounge, which was of small value but which had been inadvertently overlooked in taking the inventory; a dozen solid silver forks which had, in fact, been included; and a pair of silver tongs, which were a gift by the intestate in his lifetime to his daughter-in-law, Katherine Fulford. And the respondent in his answer to the second petition denied that any of the eighteen separate items of personal property therein set out was owned by the petitioner, but, on the contrary, asserted that eleven of these items were owned by the estate of his intestate, and that the other seven items were actually the property of the respondent in his own right, but that, because of the insistence of the wife of the petitioner, and from a

desire to avoid controversy, he had returned these last named
items as part of the estate.

Nothing further appears from the record to have been done
before the death of the administrator on November 8th, 1921;
but on June 8th, 1925, Katherine R. Fulford, executrix of
Frank H. Fulford, the former administrator, stated an ac-
count for her testator of his administration upon the estate
of his father. This account showed in the hands of the late
administrator the sum of one hundred and fifty-two dollars
and seventeen cents, and certain specified goods and chattels,
which the executrix held for delivery to Alexander Maitland
Fulford, who had been appointed the administrator *de bonis
non* of his father on June 20th, 1922. None of the disputed
articles of personalty is accounted for in the account nor in-
cluded in the list of goods and chattels which the accountant
stated she was prepared to deliver, although the accountant
declared that all other personal property of the intestate was
in the hands of the elder brother.

The widow, Katherine R. Fulford, was the executrix and
sole devisee and legatee of Frank H. Fulford, and, on January
25th, 1926, had filed a petition in the Orphans' Court of Har-
ford County, stating that as devisee and legatee under the will
of her husband she was entitled to a one-half interest in the
estate of Alexander Mitchell Fulford, that, since the appoint-
ment of the administrator *de bonis non,* she had been vainly
urging such administrator to close the estate by administra-
tion, and that she, therefore, asked that he show cause why his
letters of administration should not be revoked and another be
appointed. To this petition an answer was duly filed, in
which it was charged that the account filed by the widow as
executrix, over three years after the husband's death, was not
a true and correct statement of the course of his administra-
tion; that the inventory, which was made and appraised on
July 25th, 1919, but not sworn to by the administrator until
July 15th, 1920, and not filed in the orphans' court until by
his executrix and with her report and account on June 8th,
1925, was not a correct return of the intestate's estate, since
it embraced articles which were the property of the elder son,

and omitted articles which were part of the estate but which
were claimed as the property of the younger son.   The answer,
in refutation of the charge of undue delay, set up the contro-
versy between the brothers over the ownership of the personal
property in dispute, and that, after the administrator had filed
his answers in October, 1920, the respondent had suggested
that issues be framed and a trial by jury had, but the attorney
then representing the administrator, and later acting for his
executrix and sole legatee, as a result of a conference with the
respondent, agreed to negotiate with a view to a settlement,
and that the negotiations so begun, often broken off, and re-
peatedly renewed at the instance of the attorney, continued
until the death of this attorney in December, 1924, when
they were carried on with his successor, and that it was
immediately after the last failure that the petition of the
widow was filed on January 25th, 1926.   The respondent
concluded his answer with a prayer that issues might be
framed in respect of the matters in controversy, and that the
proceedings be made plenary, and that the widow be made a
party defendant in the place of her dead husband.

Three days after the answer, and before the record shows
any other action by the parties or by the orphans' court,
Alexander Maitland Fulford filed two petitions.   The first
was as administrator *de bonis non* of his father, and showed
that, as a result of the proceedings begun in 1920 between
him individually and the first administrator of his father,
there existed in the Orphans' Court of Harford County an
undetermined controversy about the ownership of certain
articles of personal property, which were asserted by him,
and denied by his brother, the former administrator, to
have been the property of their father at the time of his
death.   He, therefore, asked that the pending proceedings,
beginning in 1920, be made plenary, and after making his
brother's executrix and sole legatee a party, that issues be
framed presenting the facts in dispute so that issues might
be sent to the circuit court to be tried there before a jury.
The petition offered a form of issue which, listing the
chattels in contention, required the jury to find if they, or

any of them, were the property of the late Alexander Mitchell
Fulford at the time of his death; and, if yea, which of
these articles enumerated so belonged to him.    A citation
was prayed against the widow as executrix and as legatee.
The second petition was by Alexander Maitland Fulford in
the assertion of his individual rights to certain articles of
personal property which, in the pending proceedings, begun
in 1920, between himself and his brother as the adminis-
trator of his father, were claimed to be the property of the
older brother and to have been improperly included in the
inventory.    The original administrator had denied his
brother's claim of property, and, as in the preceding petition,
prayed that the pending proceedings, beginning in 1920,
be made plenary, and, after making his brother's executrix
and legatee a party in both capacities, that an issue be
framed for transmission to the circuit court for trial there
before a jury.    The petition similarly presented the pro-
posed issue, which, naming the specific articles of personal
property in dispute that appeared in the inventory, left it
for the jury to find if they or any of them were the property
of Alexander Maitland Fulford, and, if yea, which did be-
long to him.    Process was prayed against Katherine R.
Fulford in her own right and as executrix.

These two petitions for issues were filed on February 6th,
1926, but were not answered by Katherine R. Fulford in
either capacity; and on November 30th, 1926, a motion
in writing was made for issues to be granted in accordance
with the prayer of each petition; and on the same day the
orphans' court passed an order declining to grant the issues,
and from this refusal an appeal was taken by Fulford in
both his individual and representative capacities.

On the day that the orphans' court refused issues, it
passed an order revoking the letters of administration *de
bonis non* granted to Alexander Maitland Fulford, and
appointed in his place and stead Katherine R. Fulford.    No
testimony was taken.    The action of the orphans' court was
based upon a hearing on petition and answer, and the fact

that from such pleadings it appeared that the then administrator *d. b. n.* had taken no proceedings in the orphans' court "since the grant of letters of administration *d. b. n.* as required by law, since the filing of his bond." The second appeal on this record is from this order of removal and grant of letters of administration to the appellee.

From the aforegoing statement it is clear that the record presents three distinct groups of facts, which raise as many different questions for solution.

1. In 1920, Alexander Maitland Fulford, who was entitled to one-half of his father's estate, and, therefore, a person interested in its administration, alleged by a petition in the Orphans' Court of Harford County that its administrator had in his hands and had omitted to return in the inventory of the estate certain specified goods which were a part of the intestate's assets. This action was within the purview of section 253 of article 93 of the Code, and entitled the petitioner to the relief therein provided. The estate was in course of administration in the orphans' court where the petition was filed, and the parties, the subject matter, the allegations of the petition, and the form of the proceedings instituted, were sufficient to give the orphans' court jurisdiction, although the administrator should take defense in the claim that he had title in his own right to the property in question. The point was directly involved and expressly decided in *Linthicum v. Polk,* 93 Md. 90-94, where the reasons are cogently stated by the late Chief Judge Boyd, and can gain no weight by repetition. *Fowler v. Brady,* 110 Md. 204, 208; *Pratt v. Hill,* 124 Md. 252, 257; *Bowers v. Cook,* 132 Md. 432, 438.

These proceedings are pending in the orphans' court, but the administrator is dead, and the estate is being administered by his executrix, whose duty it became to state an account of the administration by her testator of his father's estate. If such omitted personal property were so possessed and were omitted as charged, it became the duty of the executrix to account for the same and to deliver the property if *in*

*specie,* or to account for its proceeds if converted into money in course of administration by her testator. Code, art. 93, secs. 11, 4, 245; *Hignutt v. Cranor,* 62 Md. 216; *Muncaster v. Muncaster,* 23 Md. 288; *Gardner v. Simmes,* 1 Gill, 425, 429; *Alexander v. Steuart,* 8 G. & J. 226, 244, 246; *Scott v. Fox,* 14 Md. 388, 398; *Smith v. Dennis,* 33 Md. 442, 450; *Stewart v. Firemen's Ins. Co.,* 53 Md. 564, 571; *Donaldson v. Raborg,* 26 Md. 324-327; *State v. Cheston,* 51 Md. 381, 382; *Crothers v. Crothers,* 121 Md. 114. In the account and report stated and made, the personal property, which her testator had been accused of having in his hands and of omitting to return as part of the assets of his intestate, was not accounted for by the executrix either in the form of the proceeds resulting from its sale or as held by her in kind for delivery. The issue of omission *vel non,* therefore, subsists for determination, and jurisdiction, having once attached, will not be lost by the death of the administrator, since he is represented by his executrix, whom the orphans' court should make a party in the place of the dead administrator under the provisions of section 226 of article 93 of the Code. See *Hammond v. Hammond,* 2 Bland, 306, 349, and *supra.* The proceedings, therefore, did not abate by the death of the administrator, and the fact that the appellant is now the administrator *d. b. n.* of the intestate does not disqualify him from continuing to prosecute in his own right what was begun by virtue of his interest as next of kin. It would be unfortunate if this were not true, as otherwise the present proceedings would end and fresh ones would have to be started, and further expense, delay, and complications would ensue. The proceedings afforded the most direct, speedy, and convenient method of determining one of the principal matters in litigation, and its decision would settle not only the rights of the parties but whether the personal representative of the intestate would have any duties to perform in connection with this phase of the dispute. See Code, art. 93, sec. 71; *Morrow v. Fidelity & Deposit Co.,* 100 Md. 256, 263; *Lawson v. Burgee,* 121 Md. 208; *Sydnor v. Graves,* 119 Md. 321, 329; *Stewart v. Firemen's Ins. Co.,* 53 Md. 564, 571, 572.

For the reasons set forth, the orphans' court was in error in refusing to grant issues so that a jury could determine if the original administrator had omitted from the inventory personal property which was part of his intestate's assets.

2.    The second question is a controversy between an administrator and a third party over the title to personal property.    This dispute likewise arose in 1920, when Alexander Maitland Fulford began proceedings in the orphans' court by charging that the administrator of his father's estate had wrongfully included in the inventory of the estate, and was about to sell, various articles of personalty which were the property of the complainant.    The answer of the administrator was a denial of title in the complainant and the assertion of title in the estate, and thereby was raised an issue of title between the administrator and a third party.    Since the orphans' court had no jurisdiction to try a question of title between the administrator and a third party, it had no power to grant any issue of fact involved in the determination of who was the actual owner of the property in dispute. *Fowler v. Brady,* 110 Md. 208, 209; *Pratt v. Hill,* 124 Md. 252, 257; *Linthicum v. Polk,* 93 Md. 84, 90-94; *Rockwell v. Young,* 60 Md. 563; *Dempsey v. McNabb,* 73 Md. 433; *Bridge v. Dillard,* 104 Md. 411, 421; *Taylor v. Bruscup & Henry,* 27 Md. 219; *Gibson v. Cook,* 62 Md. 256, 260; *Daugherty v. Daugherty,* 82 Md. 229, 231-232; *Safe Deposit & Trust Co. v. Coyle,* 133 Md. 343, 348.    The proceedings now being considered were neither in such form nor so brought as to charge Alexander Maitland Fulford as administrator *de bonis non* for a concealment or omission to return an inventory of his intestate's assets in his hands, but were instituted by him to assert his own title at a time when he had no representative capacity.    It follows that the orphans' court rightly rejected the application for an issue to present the controverted question of fact as to the ownership of the articles, and the parties must be left to the remedy appropriate to the circumstances as they now exist or may develop.

3.    The remaining inquiry relates to the removal of the administrator *de bonis non* upon petition and answer, be-

cause he had taken no proceedings in the orphans' court since the grant of his letters on June 20th, 1922, and the filing of his bond. The petition demanding his removal assigned no specific ground, but the reason given was an alleged general failure to do anything towards the settlement of the estate. However, the appellee in argument relied upon the failure of the administrator *d. b. n.* to return an inventory, and to render an account of his administration within the period of twelve months from the date of his letters of administration. Code, art. 93, secs. 224, 1, 3.

It is not charged that there was any additional estate of his decedent not included in the inventory made by the first administrator. On the contrary, the contention of the first administrator and of his executor has been that this inventory is both accurate and complete. This attitude precludes the assumption that there was any ground of complaint because of a failure to return another inventory, since what should be included and excluded in the original inventory was the very matter in dispute, and any modification of the original inventory would come as a consequence of the elder brother's success in maintaining his position against the interest of the executrix and legatee of his brother. So far as the failure to account is concerned, there has been great delay unquestionably, but the petitioner was not in a good position to complain, as she did not state as executor the account of her husband as administrator until June 8th, 1925, although her testator had died in November, 1921, and this account the appellant rejected as being wrong and insufficient. Further, the order of the orphans' court, passed on the 23rd of September, 1920, restraining the sale of the items in the inventory that were in dispute, remained in force. These circumstances are repeated, since they indicate the delay was due to controversial matters which required a judicial determination before the estate could be administered.

It may well be assumed that the length of time this estate has remained unsettled has been prejudicial to the distributees entitled, and, if it be also assumed that the petition in

the present case for removal is specific enough, the vital in-
quiry becomes whether the delay was sufficiently the fault
of the administrator *d. b. n.* to warrant his removal.  The
answer must be found in the pleadings, as the removal was
not on proof, but founded on a hearing on petition and
answer.  Under the decisions, the submission to the orphans'
court of a question on petition and answer under oath is an
admission of the allegations of fact in the answer which are
not in conflict with the accompanying exhibits or other in-
struments admitted by the answer to be true.  *Bagby on
Executors and Administrators,* sec. 148, p. 226; *Martien v.
Crystal,* 137 Md. 166, 170; *Long v. Long,* 115 Md. 130,
133-134; *Daugherty v. Daugherty,* 82 Md. 229, 232; *Bar-
roll v. Peters,* 20 Md. 172, 178; *Mickle v. Cross,* 10 Md.
352, 360; *Malkus v. Richardson,* 124 Md. 224, 230.

The answer explained the delay.  It showed that, in 1920,
the appellant proposed to the attorney for the then admin-
istrator that the matters in controversy be framed into issues
of fact for trial by jury, but a conference with this attorney
resulted in an agreement that the question of issues be de-
ferred while negotiations for a settlement be conducted; that
these negotiations were held and failed and, at the instance
of this attorney, were repeatedly renewed up to December,
1924, when this attorney died, and then the negotiations
were renewed with the appellee's present attorney without
success, and that, immediately after the last failure, the
appellee filed her petition for the removal of the appellant.
So the responsibility for the delay was common to the par-
ties in litigation, and what was attributable to each can
afford no basis of complaint for one against the other.  When
these protracted negotiations were finally broken off, the
appellant showed no disposition to delay, but acted promptly
to bring the litigation to an issue.

The right to administer is a valuable one, and an admin-
istrator will not be removed except for legal and specific
causes, and after citation and an opportunity to be heard.
*Belt v. Hilgeman, Brundige Co.,* 138 Md. 129, 135; *Stake*

*v. Stake,* 138 Md. 51, 54; *Wingert v. State,* 125 Md. 536, 542; *Levering v. Levering,* 64 Md. 410. The testamentary statute afforded ample means of compelling an administrator to proceed with the proper discharge of the duties of his office, and his removal, although unhesitatingly to be made for adequate cause, is usually the last resort. The only charge here preferred was a delay, which, as the question is here presented, must be considered as the fault of both sides, and not sufficient, under all the circumstances of this record, to support the action of the orphans' court.

> *Order in No. 43 reversed in part and affirmed in part, and cause remanded for further proceedings in conformity with this opinion, with costs in proceedings under petition of September 22nd, 1920, to be paid by appellant, and the other costs in proceedings under petition of September 21st, 1920, to await action by the orphans' court after trial of issues.*

> *Order in No. 44 reversed, with costs, and cause remanded for further proceedings in conformity with this opinion.*