PHILIP H. PRATT, ADMINISTRATOR OF JAMES M.
SQUIRREL, DECEASED,

vs.

NANCY ANN HILL.

*Administrators: concealment of assets. Jurisdiction of Or-
phans' Court: sections 243-245 of Article 93 of Code.*

The action of the Orphans' Court in requiring an additional
bond, under the provisions of section 38 of Article 93 of the
Code, is not subject to review, unless the discretion vested in
the Court has been manifestly abused.                    p. 255

If a person desires to bring himself within sec. 244 of Art.
93 of the Code, and sec. 245, limiting appeals from the Orphans'
Courts to the Circuit Courts of the counties, or the Superior
Court, etc., of Baltimore City, his petition must substantially
comply with the requirements of the section therein referred to.
                    p. 256

To give the Orphans' Court jurisdiction under sections 243
and 244 of Article 93 of the Code, over an administrator, upon
the question of concealment of assets, it must be alleged and
shown, either that the administrator had concealed, or had in
his hands, some part of the decedent's assets, which he has
omitted to return in the inventory or lists of debts.    p. 257

The Orphans' Court may allow an inventory to be corrected
if it improperly includes property not belonging to the estate.
                    p. 258

It is not proper to hold an administrator for a fund, not part
of the estate, merely because it was paid to him.    p. 258

*Decided November 13th, 1914.*

Appeal from the Orphans' Court of Baltimore County.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*Geo. W. F. McMechen* (with whom was *W. Ashbie Haw-
kins* on the brief), for the appellants.

*Howard C. Wilcox* and *W. Harry Holmes,* submitted the
cause, on a brief, for the appellee.

Boyd, C. J., delivered the opinion of the Court.

This is an appeal from the Orphans' Court of Baltimore County ordering and directing the appellant to file an additional inventory and additional bond. The appellee filed a petition in that Court, in which she alleged that the appellant had filed an inventory of the personal estate of the decedent, consisting of chattels appraised at $49.50 and a leasehold property appraised at $700, which leasehold property had been sold for the sum of $950, that she had proved her claim for $88 for rent, etc., due her and that there had been other claims filed amounting to $637.63; that she is credibly informed and avers that since filling the inventory there had come into the hands of the administrator a sum of money exceeding $900, being the net proceeds of a policy of insurance on the life of James M. Squirrel, deceased; that the assets of said estate have increased and are now more than double the amount of the bond filed by the administrator and the debts due by the estate (aggregating $725.63) together with a mortgage debt amounting to about $200, are more than the penalty named in the bond.

The petition prays that the administrator be required to furnish additional security in an amount which to the Court may seem right and proper.

An order was passed upon the petition and affidavit by which the administrator was required to file an additional bond in the penalty of $900, on or before the 21st day of April, 1914. Apparently it was intended as an order to show cause, as a copy of the petition and affidavit was served on the administrator who on April 21st filed an answer to the petition.

In the answer it was alleged: (1) That Sadie Squirrel, wife of the decedent, James M. Squirrel, had her husband insured in the Metropolitan Life Insurance Company of New York for $1,000, the premiums thereon were paid by her and as she was the beneficiary; (2) That she died on Nov. 26, 1912, leaving her husband and four children who kept

up the premiums and that upon the death of James M. Squirrel the proceeds of said policy of insurance (being $932.72 balance due), became vested absolutely in the children of Sadie Squirrel; (3) That the Insurance Company had arranged to pay the policy to the children of Sadie Squirrel, and would have done so, had not one of them been a minor, and in order that the company could get a valid receipt it paid over to *petitioner* (meaning respondent) the said sum of $932.72; (4) That said sum is no part of the estate, and belongs absolutely to the children of Sadie Squirrel and James Squirrel.

The petition and answer were sworn to by the respective parties. An order was passed which recited that, "This cause coming on for hearing on the petition of Nancy Ann Hill and the answer thereto of Philip H. Pratt, administrator, and the same having been fully argued by counsel for the respective parties and the Court being of the opinion that the sum of $932.72 (mentioned in said petition and answer and being the net proceeds of a policy of insurance on the life of the said James M. Squirrel, deceased,) is a part of the assets of the estate of James M. Squirrel, deceased;" and then ordered that the administrator file an additional inventory showing said sum of money so coming into his hands and that he file an additional bond in the penalty of $900.

That is the order from which the appeal is taken. The record presents some peculiar conditions. In the first place, neither the insurance policy nor any substitute for it is in the record, and we have no means of knowing what provisions, if any, it contains as to payment in case of the death of the beneficiary named. The answer, it is true, alleges that Sadie Squirrel, the wife of the decedent, was the beneficiary and that the balance due under the policy of insurance became vested in the children of Sadie Squirrel, but there is nothing to show whether the policy contained any provisions as to who should have the proceeds of the policy in case of the death of the beneficiary, and if so, what they were, or whether there were

any by-laws or other provisions controlling them. The allegation as to the sum being vested in the children of Sadie Squirrel is, so far as shown by the answer, simply the conclusion or construction of the appellant.

Section 8 of Article 45 of the Code fully protects the amount of insurance due a wife on a policy on her husband's life for her sole use from the claims of the representatives of her husband or any of his creditors, and section 9 protects policies of insurance taken out for the benefit or *bona fide* assigned to the wife or children or any relative dependent upon such person or any creditor, from claims of the creditors of the insured person, and section 10 provides that: "If the wife shall die before her husband the amount of such insurance may be payable after her death to the children or decedants for their use, and to their guardian, if under age, and if there be no children or decedants of the wife living at the time of her death, to her legal representative." But notwithstanding that provision of the Code, the policy or by-laws may make other provisions, and in that case, of course, section 10 would not apply. It would therefore be impossible for us to determine who is or are entitled to this fund from anything in the record, and we could not attempt to do so, even if the appeal is properly before us.

Section 38 of Article 93 in requiring a bond to be given by every administrator before administration shall be granted to him provides that "nothing herein shall prevent the Court or register for increasing the penalty of any bond to such an amount as they or he may see proper, for sufficient cause shown." It is clear therefore that the action of the Orphans' Court in requiring an additional bond is not subject to review—at least not unless the discretion vested in that Court has been manifestly abused, or has been arbitrarily exercised, and whether it could then be, need not be determined in this case, for, inasmuch as the administrator admitted in his answer that the sum due on the policy had been paid to him, it cannot be said that the Orphans' Court acted arbitrarily or even went beyond its clear duty in requiring an additional

bond, regardless of what may be ultimately determined as to who is or are entitled to the amount. The appeal therefore cannot be sustained on that ground.

Section 243 of Article 93 makes provision for an administrator filing a petition against any person who he believes is concealing a part of his decedent's estate, and Section 244 extends those provisions "to all cases where any person interested in any decedent's estate shall by bill or petition allege that the administrator has concealed, or has in his possession and has omitted to return in the inventory or list of debts any part of his decedent's assets." It then provides that "if the Court shall finally adjudge and decree in favor of the allegations of such petition or bill, in whole or in part, they shall order an additional inventory, or list of debts, as the case may be, to be returned by the administrator, etc."

This petition does not allege that the administrator had omitted to return the amount received from the insurance policy, and it does not even ask that an additional inventory be required. There is therefore an utter failure to bring the petition within Section 244, if it was so intended. The petition does not show when the money was received from the Insurance Company, excepting that it was received after the inventory was filed. It might have been a few days before the petition was filed, and the administrator may not have been in default. But regardless of other matters, if a person desires to bring himself within Section 244, and thereby limit the appeal to the Circuit Court of a county or the Superior Court of Baltimore City, as provided in Section 245, he should at least see that his petition substantially complies with the requirements of that section. In *Cummings* v. *Robinson*, 95 Md. 83, in referring to Section 239 of Article 93 of Code of 1888 (being Section 244 in the Code of 1912) this Court said: "An examination of appellant's petition of the 20th of November, 1901, shows however that it was not filed with reference to conditions provided for in Section 239. Its allegations do not make a case to which that section applies. To give the Orphans' Court jurisdiction

under the provisions of the section of the Code in question, *it must be alleged and shown,* either that the administrator 'has concealed or has in his hands and has omitted to return in the inventory or list of debts' some part of his decedent's assets." The Court refused to dismiss the appeal on the ground relied on—that under Section 240 (now 245) the appeal should have been taken to the Superior Court of Baltimore City.

In this case we must therefore refuse to dismiss the appeal, as in our judgment the proceedings were not shown to have been taken under Section 244.

We have no doubt that a petition could have been filed under Section 244, and the appellant could not have ousted the Orphans' Court of jurisdiction, if under that section, 'by denying that the title to the fund was in the estate. The case of *Linthicum* v. *Polk,* 93 Md. 84, and others which might be cited show that the Orphans' Court has jurisdiction to determine the title to personal property in a proceeding under what is now Section 244, in so far as persons interested in the estate and the administrator are concerned, but there are many cases, such as *Fowler* v. *Brady,* 110 Md. 204, which determine that as between an administrator representing the estate and a third person claiming title to the property that Court has no jurisdiction. That is for the simple reason that such questions belong to other Courts, but not so with matters between one interested in an estate and the administrator.

The decision of the question by the Orphans' Court under Section 244 would not bind the children of Sadie Squirrel, and the fact that the money was paid to the administrator of James M. Squirrel would not preclude those children from recovering it. *Expressman's Association* v. *Hurlock,* 91 Md. 585. The easy and simple way of disposing of the whole matter would be, for the administrator to file a special inventory showing how he received the money and with it the original policy, if that can be procured, and, if not, a copy of it which he can doubtless get. Then have a proper pro-

ceeding instituted in a Court which has jurisdiction to decide the question, so that it can properly be determined to whom the fund is due. If the money belongs to the estate it should be so distributed, but if it belongs to the children of Sadie Squirrel it should be paid over to them. It was said in *Fowler* v. *Brady, supra,* that the Orphans' Court can allow an inventory to be corrected, if it improperly includes property which does not belong to the estate, and it would be improper and unjust to undertake to hold the administrator for this fund simply because it was paid to him, if it does not belong to the estate. There is no excuse for an estate, especially a small one such as this, being subjected to unnecessary costs, and if there is any real question as to where the fund shall go, it should be determined with as little expense as possible.

As there was not enough in the petition and answer to enable the Orphans' Court to properly determine whether this fund is a part of the assets of the decedent (the order of Court reciting that it was heard on the petition and answer, and there being nothing else in the record), and as the petition did not give the Court jurisdiction under Section 244, as shown above, we will reverse the part of the order that requires an additional inventory to be filed, but we will for the reasons stated affirm that part which requires an additional bond—which is what the petition prays for. Of course if the administrator does not voluntarily file the special inventory, as suggested, the appellee can file a new petition under Section 244. If he does file it, there will be no occasion for that petition, so far as now appears.

> *Order reversed in part and affirmed in part and cause remanded—the appellant to pay one-half of the costs out of the estate and the appellee to pay the other half.*