CAROLINE B. ANDERSON *v.* WILLIAM CURRAN, Administrator.

[No. 48, April Term, 1928.]

*Decided July 16th, 1928.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*David Ash,* for the appellant.

*Clater Webb Smith,* with whom were *William Curran* and *Louis A. Schwartz* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City overruling a demurrer to the bill of complaint filed by the appellee against the appellant, the Century Trust Company, the Commonwealth Bank and the Fidelity Trust Company.

The bill alleges that Richard R. Anderson died intestate August 2nd, 1927, leaving as his next of kin a son, Richard Anderson, by his first wife (since divorced), and a widow, Caroline B. Anderson, the appellant. Caroline B. Anderson, on August 17th, 1927, was appointed by the Orphans' Court of Baltimore City administratrix of her deceased husband and gave bond in the sum of twelve thousand dollars. On October 26th, 1927, after hearing, the Orphans' Court revoked the appellant's letters of administration and granted letters to the appellee, William Curran, and Charles Jackson, the latter not joining in the bill of complaint. On November 1st, 1927, the Orphans' Court cited the appellant "to state an account of the property and assets coming into her hands as administratrix" and to deliver the same unto her successors, the appellee and Charles Jackson. On November 2nd, 1927, the appellant filed an answer purporting to show what assets came into her hands as such administratrix. The bill further alleges:

"That said defendant, Caroline B. Anderson, still has in her possession certain stocks, bonds, monies, evidences of debt and other personal property and assets belonging to and being a part of the estate of said deceased; that although your orator, administrator, as aforesaid, has made demand upon the said defendant, Caroline B. Anderson, to deliver to said administrators all of said personal property, and assets, she has refused and still refuses to surrender possession of the same to your orator; that although certain of said securities stand in and have been registered in the name of said decedent for a number of years the defendant, Caroline B. Anderson, is claiming the same as her own.

"7. That your orator avers that said decedent, during his lifetime, deposited or caused to be deposited in a safe deposit box at the Commonwealth Bank said securities and other valuable property which he is informed and so avers said decedent purchased for himself out of his own funds; that said decedent caused said safe deposit box to be placed in the name of him-

self and said defendant, Caroline B. Anderson, so that she might, as his agent and representative, and for him, have access to said safe deposit box for the purpose of placing therein and for his account alone, the securities and other property belonging to said decedent; that at the time of the death of said Richard R. Anderson said safe deposit box at the Commonwealth Bank contained the securities and other valuable property so as aforesaid placed therein; that subsequent to the death of your orator's intestate the said Caroline B. Anderson withdrew said securities and other valuable property from said safe deposit box at the Century Trust Company and that said defendant caused said safe deposit box at the Century Trust Company to be placed in her name in her individual capacity and not in her capacity as administratrix; that the said defendant alone has access to said safe deposit box at the Century Trust Company; that said securities which said Caroline B. Anderson is withholding from your orator for her own use are impressed with a trust in favor of said administrators."

It is further charged that the securities unaccounted for are being withheld from the present administrators "with the intent to defraud said estate"; that the appellee is disposing of or intends to dispose of the securities and assets which she is "unlawfully withholding" for the purpose of defeating the rights of her successor administrators and their intestate's next of kin, and that the appellant "has caused or is causing certain of said intestate's property to be placed in the name of another or others for the sole and express purpose of defeating the rights of the appellee; and that, unless the Circuit Court intervenes by way of injunction, the appellant will dispose of the cancelled or withheld securities and the estate suffer irreparable loss or damage.

The bill then prays, (1) that the securities and property withheld by the appellant may be impressed with a trust in favor of the appellee; (2) that they may be decreed to the appellee; (3) that their delivery may be decreed to the appellee; (4) for account and delivery by all the defendants;

(5) that the appellant may be restrained and enjoined from collecting the income or profits from securities of the intestate in her hands, or from entering the safe deposit box in the Century Trust Company; (6, 7) that the Century Trust Company and the Commonwealth Bank be enjoined from permitting the appellant to have access to said deposit boxes, or from removing any of the securities therefrom; (8) that the Fidelity Trust Company be forbidden to transfer on its books its stock standing in the name of the deceased; (9) that a receiver be appointed; (10) that the court assume administration of the estate; (11) and for general relief.

On the bill of complaint, exhibits, and affidavit, the chancellor passed an order restraining and enjoining the defendants as prayed, pending the final determination of the cause, unless cause to the contrary be shown.

To the whole bill the appellant demurred, and for grounds of demurrer and cause to the contrary of the restraining order, alleged that the appellee had not stated such a case as entitled him to an injunction; that the bill of the appellee stated no grounds for relief against the defendants or either of them; that the bill was vague, indefinite and uncertain, and insufficient to warrant the relief prayed; that it was without equity, multifarious, and for other reasons.

The principal question here is whether the powers and processes of the orphans' court are adequate to accomplish the purposes alleged in the bill of complaint. If they are not, it must be conceded that the equity court is the proper tribunal for the determination of the questions involved. *McIntyre v. Smith,* 154 Md. 660; *Boland v. Ash,* 145 Md. 465; *Safe Deposit & Trust Company v. Coyle,* 133 Md. 343; *Linthicum v. Polk,* 93 Md. 84. The powers of the orphans' court are prescribed and limited by statute and it "shall not, under any pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law, but every judgment, decree, decision or order may be enforced by attachment and sequestration as aforesaid." Section 271, article 93, Code.

It is made the duty of an administrator whose letters have been revoked "forthwith to render to such court an account of his administration or guardianship up to the period of the rendition of such account; and in case he shall fail to do so within the time fixed by such court, the court may compel the rendition of such account by attachment, sequestration of property and imprisonment of the party so failing, until such account shall be rendered as aforesaid." Section 256, article 93, of the Code. It will be observed from this section that, although one's letters may be revoked, the statutory duty of the deposed administrator to account extends "up to the period of the rendition of such account." It is further provided by the succeeding section (257), if the administrator whose letters have been revoked shall not, within a reasonable time to be fixed by the court, deliver to the remaining or new administrator, as the case may be, "all the property of the deceased remaining in his hands unadministered and also all the books, bonds, notes and evidences of debt or funds, and all title to property or stocks which belong to or which may become due to the decedent, in his possession, and also pay over to such new administrator, etc. of the decedent all the money due to him as executor or administrator of the decedent, the court may compel the delivery and payment over as aforesaid by attachment and sequestration of the property of the party whose letters may be revoked, and may also direct to be put in suit the administration or testamentary bond of such executor or administrator whose letters have been revoked." It appears, therefore, from the sections just quoted, that the duties of a deposed administrator do not cease until an accounting has been had and delivery of property of his decedent to the remaining or new administrator, under pain of severe penalties for failure to perform his duties.

It is here contended by the appellee that, because the appellant has failed to account for certain property of her decedent, chiefly stocks and bonds to which she claims title, that, even though she does make this claim of title, the property in her hands is impressed with a trust for the benefit of

decedent's estate and is being fraudulently withheld from the appellee, the orphans' court is without jurisdiction to determine the respective rights of the appellant and appellee, and that equity affords the only effectual remedies. If the statutory duties of the deposed administratrix extend to the filing of her account and delivery of the property for which she is chargeable until she does perform these duties, then, according to the opinion of this court in *Linthicum v. Polk, supra,* the orphans' court does, under the powers conferred by sections 256 and 257 of article 93 of the Code of 1924, have the authority to inquire whether the appellant withholds or has in her possession or under her control personal property of her decedent, and such inquiry cannot be halted by any claim of title set up by the appellee, thereby ousting the orphans' court of jurisdiction.

The situation here presented is analogous to that in the case of *Linthicum v. Polk, supra.* In that case the petitioner alleged that the executrix concealed and withheld certain property of her decedent, and prayed that she be required to return an additional inventory of the property so concealed and withheld. The executrix, answering, claimed the articles mentioned in the petition as her own "and, as she claims title to them, the orphans' court had no jurisdiction over the matter." It is provided by section 252 of article 93 of the Code of 1924: "If an administrator shall believe that any person conceals any part of his decedent's estate he may file a petition in the orphans' court of the county in which he obtained administration, alleging such concealment, and the court shall compel an answer thereto under oath; and if satisfied upon an examination of the whole case that the party charged has concealed any part of the personal estate of the deceased, may order delivery thereof to the administrator," etc. And by section 253, "The provisions of the aforegoing section are extended to all cases where any person interested in any decedent's estate shall by bill or petition allege that the administrator has concealed or has in his hands and has omitted to return in the inventory or lists of debts any part of his decedent's assets," etc.

This court, speaking through Judge Boyd in *Linthicum v. Polk,* 93 Md. at page 93, said: "The object of section 239 (section 253, article 93, Code of 1924) is to require the administrator to account in the orphans' court for all property of his decedent. He is, by virtue of his qualification as an administrator, in that court, and he is presumed to take all of his decedent's personalty into that court and to there account for it. He being already there and the person interested in the decedent's estate voluntarily coming into it, there is not the same reason for denying the orphans' court jurisdiction to determine questions between them as there is when the administrator undertakes to bring into that court one who is not already there." And this statement of the law has been re-affirmed in *Pratt v. Hill,* 124 Md. 252, 257, in *Bowers v. Cook,* 132 Md. 432, and recently in *Fulford v. Fulford,* 153 Md. 81. In this case the appellant is subject to the jurisdiction of the orphans' court, into which she voluntarily came and qualified as administratrix of her deceased husband, and in accordance with the provisions of section 256 she is required to render an account of her administration "up to the period of the rendition of such account." This does not mean such an account as she chooses to make, but one which reports the true condition of her decedent's estate up to the time of "the rendition of such account."

Further, the account shall be subject to such inquiry as may be necessary to ascertain what personal property the appellant's husband had at his death, with a full opportunity to all parties interested to be heard, and it shall then be the duty of the orphans' court to apply the remedies and penalties provided by law to compel the appellant to deliver to her successors the property which the orphans' court decides she has in her hands belonging to her decedent's estate; and until then she will not have discharged the duties required of her as administratrix.

This court, in *Linthicum v. Polk, supra,* at page 93, said: "The orphans court is the one where the inventory and list of debts are to be filed, and if the administrator does not

file correct inventories or lists of debts, can there be any reason why the orphans' court should not have authority to compel him to do so? Is that court to be shorn of all power to compel administrators to file true and correct inventories and lists of debts on the mere allegation of the administrator that the property belonged to him? If the orphans' court cannot determine the question what tribunal can?" What difference in principle can there be between a correct inventory and a correct account? Both contain statements of assets of an estate, and if the orphans' court can investigate, hear and determine controversies as to the correctness of an inventory, why not as to the correctness of a deposed administrator's account, when it is by law made his duty to account for all personal property of his decedent up to the rendition of such account? If this were not true, administrators could capriciously decide what property should be accounted for and what withheld or appropriated, and by merely claiming title could oust the jurisdiction of the orphans' court. We are therefore of the opinion that the orphans' court has the power to ascertain and decide what property in the hands of the appellant belongs to her decedent for the reason that she is already "there" within the meaning of *Linthicum v. Polk, supra.*

The appellee strongly urges the cases of *Safe Deposit & Trust Co. v. Coyle,* 133 Md. 343, and *McIntyre v. Smith,* 154 Md. 660, as authorities for the remedy sought in this case. In each of these cases one of the parties to the contention was not in the orphans' court and had not submitted to its jurisdiction, and both suits were properly brought in equity because in neither case was there an adequate remedy at law. In the instant case we find both parties in the orphans' court, and the powers granted the court adequate to accomplish the appellee's purpose. In such a case the orphans' court may direct plenary proceedings to be had under section 263 of article 93, with the right to issues under section 264.

The appellee has alleged that the appellant, Caroline B. Anderson, is withholding the personal property "with the in-

tent to defraud said estate," and that the securities and property withheld by her are impressed with a trust in favor of the administrators, one of whom is the appellee. These allegations would ordinarily bring the case, if sufficiently charged, within two well recognized heads of equity jurisdiction. The cases of *McIntyre v. Smith, supra,* and *Safe Deposit & Trust Co. v. Coyle, supra,* decided in favor of equity jurisdiction with such allegations, but in each of them one of the parties was not in the orphans' court, and the parties withholding or concealing the decedents' property in the first case clearly held property in trust or for safe keeping for the decedent during his life time, and declined to surrender after his death, and in the second case the appellee's decedent was charged with having appropriated to her own use the property of the appellant's decedent.

In the instant case the appellee has also alleged that the appellant "is claiming" the decedent's property "as her own." This is an admission by the appellant that she is withholding the property under a claim of title in herself, and this we find is within the power of the orphans' court to inquire into, as the appellant is already there and must account and deliver to her successor administrators if the orphans' court shall so order. Then too, the charges of fraud and trust as alleged in the bill of complaint appear to be merely other terms for the claim of title set up by the appellant.

There seems to be no good reason why the equity court should assume the administration of Richard R. Anderson's estate. If the property said to be withheld by the appellant is ascertained by the orphans' court to be decedent's property, there should be no obstacle in the way of an easy settlement of an account and a distribution of assets. "Under the system prevailing in this state the estates of deceased persons should ordinarily be administered in that court." *MacGill v. Hyatt,* 80 Md. 253, 256; *Boland v. Ash,* 145 Md. 465, 474; *Woerner on Administration* (3rd Ed.), 535; *Joyce on Injunctions,* sec. 935.

The bill of complaint in this case is based chiefly on the fear of the appellee that the appellant may, unless restrained

by injunction, dispose of the property of the decedent alleged to be withheld by her. This fear would be groundless if the appellant's administration bond were sufficient to cover the value of the securities unaccounted for. The securities in the safe deposit boxes at the Century Trust Company and at the Commonwealth Bank, and the stock of the decedent in the Fidelity Trust Company, appear to be of considerable value, perhaps in excess of the penalty of the appellant's bond, and we are of the opinion, therefore, that the order for injunction granted in this case should be continued, pending proceedings in the Orphans' Court of Baltimore for an accounting by the appellant of the property of her decedent and delivery of the same to the appellee and his co-administrator. This practice, though seldom resorted to, has long been recognized in this state. In *Alexander v. Stewart*, 8 G. & J. 226, 245, it was said: "The insufficiency of the security in the administration bond under certain circumstances may furnish the proper basis for the exercise of the ancillary jurisdiction of a court of equity in granting its restraining authority until the orphans' court can inquire into the subject and, by the exercise of its authority, render all persons interested secure by demanding more security." And in *Powles v. Dilley*, 2 Md. Ch. 119, 127: "It may be that under certain circumstances this court might exercise an ancillary jurisdiction and interpose its authority for the prevention of injury until the proper court could inquire into the subject and apply the appropriate remedy." See *Woerner on Administration* (3rd Ed.), 535; *Joyce on Injunctions*, sec. 930a.

*Order reversed in part and affirmed in part, and case remanded for the passage of an order to conform with this opinion, each party to pay half the costs.*