MARY V. NEIGHBORS ET AL. *v.* JOSIAH A. BECK ET AL.

[No. 47, January Term, 1932.]

*Decided April 13th, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*T. Alan Goldsborough,* for the appellants.

*W. Brewster Deen* and *J. Owen Knotts,* for the appellees.

SLOAN, J., delivered the opinion of the Court.

Marion L. Beck, of Denton, Maryland, died in 1930, leaving a will, admitted to probate November 11th, 1930, by the Orphans' Court of Caroline County, devising and bequeathing all of an estate, appraised at $120,669.39, to his brother, Josiah A. Beck, and a nephew, George W. Beck, except three bequests of $500 each to his brother, William Henry Beck, and two sisters, Mary Virginia Neighbors and Annie Reed. Josiah A. Beck and George W. Beck were appointed executors, and the testator said in the will: "It is my will and desire that they be required to give only a nominal bond for the faithful performance of the duties hereby reposed in them."

On December 1st, 1931, the appellants filed their petition in the Orphans' Court of Caroline County, wherein they alleged that they had filed a caveat to the will of Marion L. Beck; that the estate was appraised at the amount stated; that the executors had filed a bond in the penalty of "only ten thousand dollars," and prayed that the executors, appellees, be required to give bond in the sum of $121,000 with corporate security, or a bond in excess of that amount with personal sureties. On this petition the orphans' court passed an order requiring the executors to file in that court a bond with corporate security in the amount prayed, or a personal

bond in the penalty of $150,000, unless cause to the contrary be shown. An answer was filed, which recited the provision of the will quoted respecting the executors' bond, and stated "that the penalty of the bond heretofore fixed is far in excess of the amount sufficient to secure the payment of all the debts, taxes and assessments due by said deceased testator," and demurred generally to the petition and prayed its dismissal. The petitioners replied that the "answer does not say that the said executors were excused from giving bond by the said alleged last will and testament of the said Marion L. Beck, and under article 93, sec. 42, of the Annotated Code of Maryland, it is only when an executor is 'excused by the testator from giving bond,' that a bond can be given in an amount as the court considers sufficient to secure the payment of the debts, taxes, assessments due by the deceased testator." After hearing counsel the orphans' court passed an order declaring the bond already given to be sufficient, and dismissing the petition, from which this appeal was taken.

It is provided by section 42 of article 93 of the Code that an "executor or each of the executors shall execute a bond to the State of Maryland, with two sureties approved by the register or court in such penalty as the said register or court may require, or with a surety corporation authorized by the laws of this State to qualify upon such bonds, and whenever the surety upon such bond is a corporation so authorized to qualify as such, the amount of the penalty of such bond shall be fixed by the court or register in an amount not exceeding the probable value of the property and assets of the estate * * * and nothing herein shall prevent the court or register from increasing the penalty of any bond to such an amount as they or he may see proper, for sufficient cause shown; * * * but whenever an executor is excused by the testator from giving bond, then only such bond shall be given in an amount as the court or register shall consider sufficient to secure the payment of the debts, taxes, assessments due by the deceased; and the said bond shall be conditioned accordingly; provided, that whenever any heir, distributee, legatee or devisee named in the will shall make it appear to the

court that any executor who has given bond only as is last mentioned, is wasting the assets of the estate in his hands or that the said assets are in danger of being lost, wasted or misappropriated, then, in that case, the court shall require the said executor to increase the penalty of his bond to such an amount as the court shall think proper, and on his failure" so to do his letters "shall be revoked forthwith."

The complaint of the petitioners is that the right of a testator under the statute quoted to excuse an executor from giving bond, which restricts the penalty to an amount sufficient to meet the debts, taxes, and assessments, is not expressed by the language of the will in this case, that the executors, to whom were given all of the estate except $1,500, "be required to give only a nominal bond." No authority has been produced to the effect that a testator's directions regarding the penalty of his executor's bond would be of no avail unless expressed in the words of the statute; but this statute must be given a construction that is fair and reasonable, and, if possible, effectual. *Lewis' Sutherland Statutory Construction* (2nd Ed.), sec. 488. In the case of *State, use of Poole, v. Talbott,* 148 Md. 70, 128 A. 908, 909, cited by appellants, the clause of the will appointing the executor was: "I hereby instruct and appoint Henry Maurice Talbott executor of this my last will and testament, who agrees to serve as such without compensation and I desire that no bond shall be required of him." The executor gave bond for $20,000, which was more than double the amount of the estate. Suit was brought on the bond, and amongst the contentions of the sureties was that neither the orphans' court nor the register had a right to accept any bond except for debts, taxes, and assessments due by the testatrix. Of that proposition this court said: "That section does indeed provide that, 'whenever' an executor is excused by the testator from giving bond, 'only such bond shall be given' as may be deemed sufficient to secure the payment of debts, etc., and that such bond shall be conditioned accordingly; but manifestly that provision was not intended to prevent the executor, if he saw fit, from giving the general bond provided

for in the preceding part of the section. * * * Its obvious purpose was to empower the court to require a bond to protect creditors in cases where the testator excused the executor from giving bond, and where at common law he could not have been required to give any at all." It will be seen that the decision had no application to the contention here, but is quoted to show this court's view of the purpose of the provision.

If the testator had said nothing about his executors' bond, the orphans' court or the register would have fixed the penalty of the bond under the clause providing for a general bond. The fact that the testator said what he did indicates that he did not wish his executors to give the general executors' bond, but, recognizing the requirement that, even when excused by the will, some bond must be given, and that it was the duty of the orphans' court or register, as the case may be, to require it, he expressed his "desire that they be required to give only a nominal bond." If it was not his intention that they be excused from giving bond in greater penalty than the amount of debts, taxes, and assessments, it is reasonable to assume he would have said nothing, and the orphans' court or register would have fixed the penalty of the bond required. There is no suggestion in the petition that the increase was asked because the assets were being wasted, or that there was danger of loss, waste, or misappropriation.

But is there an appeal in this case at all? The provisions for a bond from an administrator, in section 39, article 93 of the Code, are exactly the same as from an executor when not excused. In *Alexander v. Stewart,* 8 G. & J. 226, a proceeding in which the aid of chancery was invoked to restrain the authority of an administrator until the matter of new (not additional) security could be inquired into by the orphans' court, and to require bond with larger penalty, it was said of the latter proposition: "Again it is averred, that the complainants are in danger of a loss from the fact averred, that the penalty of the bond taken by the orphans' court is not sufficiently large. In answer to this, it may be remarked,

that the judging of the penalty of a bond is confided by law to the orphans' court, whose duty it is to take such bond, and that the chancery court possesses no power to review their determinations; and possessing no such power this allegation cannot aid the complainants." And in *Pratt v. Hill,* 124 Md. 252, 92 A. 543, 544, where there was a petition to require an administrator to file an additional bond, it was said: "Section 38 [now 39] of article 93, in requiring a bond to be given by every administrator before administration shall be granted to him, provides that 'nothing herein shall prevent the court or register from increasing the penalty of any bond to such an amount as they or he may see proper, for sufficient cause shown.' It is clear, therefore, that the action of the orphans' court in requiring an additional bond is not subject to review—at least, not unless the discretion vested in that court has been manifestly abused, or has been arbitrarily exercised, and whether it could then be, need not be determined in this case."

With respect to the general bond of an administrator, or of an executor who is not excused by the testator, the power is given to the orphans' court or the register to fix the penalty of the bond, or of an increase in the same, and it would be an anomalous situation that would make the right to an appeal depend on whether the penalty was fixed by the court or the register, no appeal in any case being provided from the act of a register, who is a ministerial officer. It is therefore apparent that the Legislature intended them and not this court to say what bond from an administrator or executor, where the latter is not excused by will, shall be sufficient. It is apparent, however, from a reading of section 42, that the power of both orphans' court and register ends with an application to increase the bond of an executor who has been excused by a testator and thereby only required to give bond for debts, taxes, and assessments and "conditioned accordingly," the terms of the final clause of the section requiring the ground of the application for an increase in the penalty to be for "wasting the assets of the estate in his hands or that the said assets are in danger of being lost, wasted or

misappropriated," and then if the petition be sustained, the court alone, not the register, "shall require the said executor to increase the penalty of his bond to such an amount as the court shall think proper," and for his failure to obey such an order "his letters testamentary shall be revoked forthwith," and from an order either dismissing such an application or revoking the letters there would be an appeal. *Carey v. Reed,* 82 Md. 383, 33 A. 633; *Jones v. Harbaugh,* 93 Md. 282, 48 A. 827. In the petition in the instant case, there being no charge that the assets were being wasted, or that they were "in danger of being lost, wasted or misappropriated," it was demurrable, and therefore properly dismissed.

*Order affirmed, with costs.*